# Exhibit 1

Heather McMillan (188939)
Daniel P. Stevens (164277)
STEVENS & McMILLAN
335 Centennial Way
Tustin, CA 92780
Tel.: (714) 730-1000
Fax: (714) 730-1067

Attorneys for Plaintiff
MAHMOUD ITANI

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG 14 2017

BY  SARA PUGH
                    DEPUTY

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MAHMOUD ITANI, <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN CO, WALGREEN PHARMACY SERVICES and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: CIVDS1715601 <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Violation of Labor Code §1102.5 [Whistle Blower] <br> 2. Wrongful Termination |

Plaintiff alleges:

1. At all times mentioned in this complaint, Defendants WALGREEN COMPANY and WALGREEN PHARMACY SERVICES were each, respectively, a business entity, duly licensed, and conducting business in the County of San Bernardino, State of California.

2. At all times mentioned in this complaint, Plaintiff MAHMOUD ITANI was a resident of California. During the relevant time period, Plaintiff was employed by and then terminated by Defendants.

3. Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

4. Plaintiff is informed and believes, and on the basis of that information and belief

1

alleges, that at all times mentioned in this complaint, DOE defendants were the agents and employees of their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment or were otherwise responsible for the damages complained of by the Plaintiff.

## FACTUAL ALLEGATIONS

5. Mahmoud Itani commenced employment with Walgreen Pharmacy Services Midwest in 2004 as a pharmacist.

6. He has been working the night shift in San Bernardino for the past two years. It is in a bad neighborhood.

7. On the morning of October 13, 2014, shortly after midnight, Mr. Itani was doing drive through and pickup and dropoffs in the store and consultations. Security had not shown up for their shift. Mr. Itani was the only pharmacist on duty.

8. Mr. Itani saw someone jump the counter into the pharmacy Not understanding what was happening, he ran back to find out what was going on. Mr. Itani came around the corner just as the intruder reversed his path and they bumped into each other. The intruder fell and Mr. Itani instinctively tried to grab him. The intruder pushed Mr. Itani away, jumped over the counter and fled.

9. Mr. Itani met with loss prevention, David, the same morning. David opened up a workers compensation case. He told David he was not physically hurt but he was really startled and shaken up. David pointed out there were some scratches on his neck.

10. Around 7 am on the same day, Mr. Itani met with Johnny Escobar, the District Manager. He told Mr. Escobar he did not feel safe and something needed to be done to protect them. He told him that security wasn't even there that night. Mr. Escobar became angry that Mr. Itani was complaining about the safety of the store.

11. During his next shift, Mr. Itani told the store manager, David Montez, about what happened, and complained about the District Manager's response to his complaint about security.

2

12. On October 19, 2016, Mr. Itani was terminated by Mr. Escobar. Mr. Itani had never had any oral or written warnings and had always been a good employee.

### FIRST CAUSE OF ACTION

(Violation of Labor Code 1102.5 - Whistle Blower)

(By Plaintiff against All Defendants)

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12, inclusive, of this complaint as if fully set forth.

14. This cause of action is brought pursuant to California Labor Code section 1102.5 which prohibits an employer from retaliating against an employee for disclosing information to a person with authority over the employee or who has the authority to investigate a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

15. Plaintiff filed a complaint with a person who had authority to investigate that defendant employer was causing an unsafe condition at their store in violation of Labor Code Section 6400, et seq.

16. Defendant retaliated against the plaintiff by terminating him.

17. Pursuant to California Labor Code section 1102.5(f), the defendant will be liable for a penalty of up to $10,000.00 for each violation of this section.

18. As a direct and proximate result of Defendant's unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

19. As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

20. Pursuant to California Labor Code section 98.6, plaintiff also seeks the remedy of reinstatement and reimbursement for lost wages from the defendant.

///

///

3

## SECOND CAUSE OF ACTION

(Wrongful Termination)

(By Plaintiff Against All Defendants)

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20, inclusive, as though fully set forth at this point.

22. Plaintiff alleges that the discharge was wrongful because it was in violation of the public policy of the State of California as set forth in Labor Code Sections 6400 and 1102.5.

23. As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

24. As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

25. Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

**As to the First Cause of Action:**

1. For general and compensatory damages;
2. For special damages;
3. Penalty of $10,000 for each violation of 1102.5(f);
4. Reinstatement and reimbursement for lost wages under Labor Code §98.6;
5. For prejudgment interest on all amounts claimed that are readily ascertainable;
6. For punitive damages; and
7. For such other and further relief that the court considers proper.

///

4

**Complaint for Damages**

**As to the Second Cause of Action:**

1. For general and compensatory damages;
2. For special damages according to proof;
3. For punitive damages;
4. For prejudgment interest on all amounts claimed that are readily ascertainable;
5. For costs; and
6. For such other and further relief that the court considers proper.

STEVENS & McMILLAN

Dated: August 1, 2017          By: _____
DANIEL P. STEVENS
Attorney for Plaintiff
MAHMOUD ITANI

5